Mary S. POWELL, Petitioner,

v.

DENVER PUBLIC SCHOOLS and the Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondents.

No. 82CA0494.

Colorado Court of Appeals,
Div. I.

Jan. 13, 1983.

Mary S. Powell, pro se.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents.

COYTE, Judge.

Petitioner seeks review of the final order of the Industrial Commission denying her benefits for the weeks ending December 27, 1980, and January 3, 1981. We set aside the order.

Petitioner filed an initial claim on August 28, 1980, when she was terminated for lack of work from her position as a tenured teacher with the Northglenn-Thornton School District (Adams County School District No. 12). She received a full award of benefits.

Petitioner then worked as a substitute teacher in the Denver Public School District (Denver). The last day that she worked as a substitute teacher prior to filing a claim for the benefits here at issue was December 19, 1980. She subsequently filed a claim for unemployment benefits for the week ending December 27, 1980, and the week ending January 3, 1981. On each of these claims, petitioner stated that Northglenn was the employer against whom she had received a full award, but that Denver Public Schools was her last place of employment. The claims were processed with Denver Public Schools being shown as the interested party.

Prior to the Christmas vacation, both Denver and claimant signed a form which stated that Denver intended to reemploy claimant as a substitute teacher following the vacation. At the hearing before the hearing officer and the referee, petitioner emphatically stated that she had no claim against Denver, that her claim was against the award that she had received from the Northglenn-Thornton School District, and that Denver was mentioned merely because she was required to list her last place of employment.

The commission, which agreed with the referee, disallowed petitioner's claim for benefits under the provisions of § 8–73–107(3), C.R.S.1973 (1982 Cum.Supp.). It ruled that since the Denver school was not in session because of a holiday recess during the period in question and since petitioner had a reasonable assurance of employment following the holiday recess, she was not entitled to benefits.

Petitioner's employment with Denver Public Schools was as a substitute teacher. She had worked 13½ days for Denver Public Schools during the prior four months.

In December she had worked one-half day the 5th, plus the 9th and 19th. She testified that she was on Denver's list to be employed but that she had no contract with Denver and that each day of employment was a temporary one which ended at the end of each school day.

Under § 8–73–108(2)(a)(II), C.R.S.1973 (1982 Cum.Supp.):

"The term 'most recent separation from employment', as used in this subsection (2), means the individual's last employment prior to filing a valid claim; however, if the most recent employment was a period of less than four calendar weeks,

the division must determine whether such employment was bona fide employment and if not, the next preceding employment will be treated as the most recent."

There has not been any determination made as to whether petitioner had 'bona fide employment' with Denver, and we conclude that, under the circumstances, she was not a bona fide employee of Denver since her employment was terminated at the end of any particular day in which she might have been employed. The Commission should have notified and treated Northglenn as the interested party in the processing of these claims.

Accordingly, the final order of the Commission is set aside, and the claim is remanded to the Commission for further proceedings.

BERMAN and STERNBERG, JJ., concur.